WHATLEY, Acting Chief Judge.
Benjamin Welch appeals the final judgment of dissolution of his marriage to Anna Welch. He raises several issues in this appeal, but we find merit only in his argument regarding the trial court’s disposition of the parties’ joint savings account.
In the order granting Anna’s motion for temporary alimony, the trial court found that at the time of separation, Anna removed the $32,000 in the parties’ joint savings account and placed that amount in a separate account. The court further found that, as of the date of the hearing on Anna’s motion for temporary alimony, Anna had used all but $9000 of the parties’ joint savings. The trial court’s only reference to the parties’ joint savings account in the final judgment of dissolution is the incorporation of these findings from the order granting temporary alimony into that judgment and a finding that all bank accounts had already been divided between the parties.
Benjamin contends that he has not been given credit for Anna’s use of his share of the parties’ joint savings account. He requests that his obligation to pay Anna retroactive temporary alimony be offset by Anna’s use of his share of the parties’ savings.
The final judgment of dissolution is not clear with regard to the disposition of the parties’ joint savings account. See § 61.075(3), Fla. Stat. (2000). Accordingly, we remand the judgment for findings regarding the disposition of this marital asset, as well as consideration of whether the record supports any type of credit to Benjamin for Anna’s use of his share of the parties’ joint savings account.
Remanded for proceedings consistent with this opinion.
NORTHCUTT, J., and DANAHY, PAUL W., (Senior) Judge, Concur.